**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MARTEZ D. MATTHEWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:17-cv-00887** |
| | ) | |
| **RANDY LEE et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Before the Court is a Report and Recommendation (Doc. No. 38) from the Magistrate Judge, recommending that the Court deny Martez Matthews's amended petition (Doc. No. 16) for a writ of habeas corpus under 28 U.S.C. § 2254. Martez filed objections (Doc. No. 39). For the following reasons, Matthew's objections will be overruled, and the R&R will be approved and adopted.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Under Local Rule of Civil Practice 72.02, objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made[.]" See also Fed. R. Civ. P. 72(b)(2) (Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration.).

In each of his ten, formulaic objections, Mattews characterizes the Magistrate Judge's conclusions, on each ground his § 2254 petition raised, and summarily voices his disapproval by reciting arguments raised in the petition. (See Doc. No. 39 at 2—6). This is not sufficient to raise

a proper objection. "[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004) (citations and quotations omitted); see also Jarbou v. JPMorgan Chase Bank N.A., 611 F. App'x 342, 343 (6th Cir. 2015) ("rehashed" argument insufficient to raise a proper objection).

Matthews argues that the Magistrate Judge's findings or those of the State Court are "unreasonable" or "fatally flawed and unreasonable." (See, e.g., Doc. No. 39 at 2, 4). At no point does he attempt to show, through citations to authority or otherwise, that the State Court applied "a rule that contradicts the governing law set forth in Supreme Court cases." Lafler v. Cooper, 566 U.S. 156, 173 (2012) (internal quotation and editorial marks and citation omitted); (Doc. No. 38 at 8). Baldly claiming that the State Court adjudication was based on an "unreasonable determination of the facts," he makes no substantive argument about how the determination was wrong, or why the Magistrate Judge's findings are likewise erroneous. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).

"The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., at *1 (M.D. Tenn. Mar. 19, 2021) (citing Frias v. Frias, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019)). Nevertheless, the Court has conducted a de novo review of the record and will adopt the Magistrate Judge's conclusions.

Accordingly, the Report and Recommendation (Doc. No. 38) is **APPROVED AND**

**ADOPTED**. Matthews's amended petition (Doc. No. 16) is **DENIED**. The instant action is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE